**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| SHANA KONEY and RONALD CONEY, | |
| Plaintiffs, | |
| v. | No. |
| SUBURBAN ELEVATOR CO. | |
| Defendant. | |

---

### NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Suburban Elevator Co., Defendant, (hereafter referred to as "Suburban Elevator"), hereby removes to the United States District Court for the Northern District of Indiana, Hammond Division, the state court action, Case No. 45C01-1908-CT-000836 in the Circuit Court of Lake County, Indiana described below. The basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332:

### I. __INTRODUCTION__

1.      Plaintiffs, Shana Koney and Ronald Koney, ("Plaintiffs") filed their First Amended Complaint alleging a cause of action for negligence against Defendant, Suburban Elevator, on March 19, 2020. (*See* Plaintiffs' First Amended Complaint attached hereto as Exhibit "A").

2.      Suburban Elevator was served on March 23, 2020, (*See* March 23, 2020, Notice of Service of Process on Suburban Elevator attached hereto as Exhibit "B").

3.     The time has not yet elapsed within which Suburban Elevator is permitted to remove this action, and therefore this Notice of Removal is filed in a timely manner.  28 U.S.C. § 1446(b).

4.     The United States District Court for the Northern District of Indiana, Hammond Division has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Circuit Court of Lake County, Indiana are appended to this Notice as Exhibit "C" (excluding Plaintiffs' First Amended Complaint, attached as Exhibit "A".)

6.     Venue is proper in this district, under 28 U.S.C. § 1446(a), because this district embraces the place in which the removed action is pending.

7.     Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' counsel and a copy will be filed promptly with the Circuit Court of Lake County, Indiana pursuant to 28 U.S.C. § 1446(d).  (*See* a copy of the Notice of Filing of this Notice of Removal to Federal Court is attached hereto as Exhibit "D").

## II.  DIVERSITY OF CITIZENSHIP EXISTS

8.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship exists because Plaintiffs and Defendants are citizens of different states.  As set forth below, diversity of citizenship exists because: (a) Plaintiffs are citizens of Indiana; and (b) Defendant is a citizen of a different state than Plaintiffs.

9.     Citizenship and the removability of an action is determined at the time the removal petition is filed.  *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992).

**A.     Plaintiffs are Citizens of Indiana.**

10.     For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there.  *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).  In determining domicile, courts look to a variety of factors such as current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations among other things.  *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, 2008 U.S. Dist. LEXIS 84374, at *11 (N.D. Ill. October 21, 2008) (citing *Sadat v. Mertes,* 615 F.2d 1176, 1181 (7th Cir. 1980)).

11.     In this case, Plaintiffs state in their First Amended Complaint that they reside in Valparaiso, Indiana.  (*See* Exhibit A, par. 1).  Accordingly, the Complaint demonstrates Plaintiffs' presence and intent to remain in Indiana.

**B.     Defendant is a Citizen of a Different State than Plaintiffs.**

12.     For diversity purposes, the citizenship of a corporation, is the state where the corporation is <u>incorporated</u> and the state where the corporation has its <u>principal place of business</u>, meaning the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95, 175 L. Ed. 2d 1029 (2010); *CCC Info. Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir.

2000); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).

13.     Suburban Elevator is not from the same state as Plaintiffs and therefore complete diversity exists.  Suburban Elevator is a citizen of the state of Illinois (incorporated) and state of Illinois (headquartered).  (*See* Suburban Elevator's Affidavit, attached hereto as Exhibit "E").  Plaintiffs' counsel is aware of this as Suburban Elevator was served at its headquarters in Illinois.

### III.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.     Federal diversity jurisdiction also requires that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).  When a complaint does not state the amount in controversy and it pleads in excess of the jurisdictional minimum, a complaint's statements regarding severe and permanent damages demonstrate that the amount in controversy exceeds $75,000.  *See, e.g. Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 901 (N.D. Ill. 2004); *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005). "Courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).

15.     In the negligence action *Campbell v. Bayou Steel*, the court held that the defendants untimely removed the action after the plaintiff's deposition and reasoned that the defendants could have ascertained that the plaintiff would incur at least $75,000 in medical bills because the complaint stated that the plaintiff suffered "severe and permanent injuries, and was forced to, and will continue to seek extensive medical treatment in an attempt to be healed and cured of his maladies." *Campbell*, 338 F. Supp. 2d at 902-03.

16.     In *McCoy v. General Motors*, the court found that removability regarding the amount in controversy was obvious from the complaint's allegations because the plaintiffs alleged that they suffered:

> 'lasting and permanent injuries' and incurred bills related to 'medical, surgical, hospital, and nursing care for their injuries'…'[lost] wages and profits which they otherwise would have earned and acquired'…'severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis.'

*McCoy*, 226 F. Supp. 2d at 941.  The court stated that "these statements should sound warning bells in defendants' ears that significant damages are sought." *Id*.

17.     In *Gallo v. Homelite Consumer Products*, the court held that the complaint clearly showed that damages exceeded $75,000 because it claimed that the plaintiff suffered severe burns, "severe and permanent injuries of a personal and pecuniary nature" and injuries resulting in extensive hospitalization and medical treatment, great pain…disability and disfigurement." *Gallo*, 371 F. Supp. 2d at 948.

18.     In the *Andrews v. E.I. du Pont de Nemours & Co.* negligence personal injury action, the Seventh Circuit held that the defendant corporation established by a preponderance of the evidence that the amount in controversy exceeded $75,000 and reasoned that the complaint alleged that the plaintiff suffered "severe and permanent" injuries, past and future medical expenses, past and future lost wages.

19.     Plaintiffs state in their First Amended Complaint that Plaintiff Shana Koney suffered "severe and permanent injuries," past and future medical expenses, past and future lost wages, physical pain, disability, disfigurement, and also seeks punitive damages.  (*See* Exhibit "A," par. 10-11; 16-17).

20.     Plaintiffs' counsel also advised Mark C. Galasso, an attorney for Suburban Elevator in Illinois, that Plaintiff is making a post traumatic stress disorder claim and that Plaintiff has been off of work as a result of her alleged injuries since the date of the alleged occurrence.  (*See* Affidavit of Mark C. Galasso, attached hereto as Exhibit "F").

21.     Accordingly, Plaintiffs' claimed damages for past and future medical and hospital expenses, past and future wage loss, and past and future pain, suffering and disability clearly demonstrate that the amount in controversy exceeds $75,000.

WHEREFORE, further proceedings in this action should be discontinued, and this action shall be removed to the United States District Court for the Northern District of Indiana, Hammond Division.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.


s/ Stephen S. Weiss
One of Defendant's attorneys

Stephen S. Weiss – ARDC #6226350
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of Notice of Removal was served upon:

Beth Brown Nowak
Kelly Law Offices LLC
5521 West Lincoln Highway
Suite 101
Crown Point, IN 46307
bbn@kelly-lawyers.com

service was accomplished by electronically mailing a copy to the above-named attorney or party of record at the address listed above, on the 20th day of April, 2020.

                       s/Stephen S. Weiss
                       an Attorney

# EXHIBIT A

Filed: 3/19/2020 12:52 PM
Clerk
Lake County, Indiana

STATE OF INDIANA    )
                     ) SS:      IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE    )             CROWN POINT, INDIANA

SHANA KONEY and RONALD KONEY,   )
                                 )
      Plaintiffs,                 )
                                 )
      vs.                    )      Cause Number: 45C01-1908-CT-000836
                                 )
SUBURBAN ELEVATOR CO.,        )
                                 )
      Defendant.               )

### FIRST AMENDED COMPLAINT

#### Count I

Plaintiffs, **Shana and Ronald Koney**, by counsel, for Count I of their Complaint against the Defendant, Suburban Elevator Co., state:

    1.    At all relevant times, Plaintiffs, Shana Koney and Ronald Koney were citizens and residents of Valparaiso, Indiana.

    2.    Suburban Elevator Co. is a foreign for-profit corporation doing business in Indiana.

    3.    On August 2, 2018, there existed a building located at 2600 W. 93rd Ave., Crown Point, Indiana 46307, in which Lake County Community Corrections operated.

    4.    On that date, Suburban Elevator Co. operated, managed, maintained, repaired and controlled the automatic elevator located on the premises.

    5.    On that date, Plaintiff Shana Koney was lawfully on the premises acting in the course and scope of her employment with Lake County and Lake County Community Corrections.

1

6.      On that date, while Plaintiff Shana Koney was a passenger, the automatic elevator malfunctioned and did not operate property, creating a dangerous condition.

7.      Defendant Suburban Elevator Co. knew or should have known of the condition of the elevator and knew or should have known it was a hazardous condition.

8.      Defendant Suburban Elevator Co. had direct or constructive notice of the dangerous and hazardous condition.

9.      Suburban Elevator Co., by and though its agents and/or employees, failed to act in a reasonable manner and were negligent and/or willful and wanton, causing severe and permanent injuries to Shana.

10.     As a direct and proximate result of Defendant's negligence and/or willful and wanton acts or omissions, Shana sustained severe and permanent injuries.

11.     As a proximate result of Defendant's negligence and/or willful and wanton acts or omissions, Shana suffered permanent and severe personal injuries, has incurred medical expenses and will continue to incur additional medical expenses for the foreseeable future, suffered and will continue to suffer physical pain, mental suffering, disability, disfigurement, terror, fright, humiliation, loss of enjoyment of life, has lost earnings from her employment and sustained an impairment of her ability to earn wages in the future, and has sustained other permanent injuries and damages of a personal and pecuniary nature.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory

2

and punitive damages, for the costs of this action, prejudgment interest, and for all other just and proper relief.

/s/ Beth Brown Nowak
**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.: 24108-64

### Count II

Plaintiffs, **Shana and Ronald Koney**, by counsel, for Count II of their Complaint against the Defendant, Suburban Elevator Co., state the following:

12.   Plaintiffs incorporate by reference paragraphs 1-11 of Count I of their Complaint as and for paragraph 12 of Count II of their Complaint.

13.   At all relevant times, the elevator was under the exclusive care, control and/or management of Suburban Elevator Co.

14.   On August 2, 2018, while a passenger in the elevator, Shana Koney, was under the exclusive care, control and/or management of Suburban Elevator Co.

15.   In the normal course of events, an automatic elevator does not suddenly drop to the ground abruptly in a free-fall, all while under the care, control and/or management of Suburban Elevator Co.

16.   As a direct and proximate result of the foregoing acts and/or omissions, Shana sustained severe and permanent injuries.

17.   As a proximate result of the foregoing acts and/or omissions, Shana suffered permanent and severe personal injuries, has incurred medical expenses and will continue to incur additional medical expenses for the foreseeable future, suffered and will continue to suffer physical pain, mental suffering, disability, disfigurement, terror, fright, humiliation, loss of

3

enjoyment of life, has lost earnings from her employment and sustained an impairment of her ability to earn wages in the future, and has sustained other permanent injuries and damages of a personal and pecuniary nature.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory and punitive damages, for the costs of this action, prejudgment interest, and for all other just and proper relief.

*/s/ Beth Brown Nowak*
**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.: 24108-64

### Count III

Plaintiffs, **Shana and Ronald Koney,** by counsel, for Count III of their Complaint against the Defendant, Suburban Elevator Co., state the following:

18.     Plaintiffs incorporate by reference paragraphs 1-17 of Count II of their Complaint as and for paragraph 18 of Count III of their Complaint.

19.     At all relevant times, Shana Koney and Ronald Koney were lawfully wedded husband and wife.

20.     As a result of the negligence of the Defendant, Plaintiff Ronald Koney was denied the love, society and companionship of his wife, Shana, for an indefinite period of time.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory

4

and punitive damages, for the costs of this action, prejudgment interest, and for all other just and

proper relief.

/s/ Beth Brown Nowak
**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.: 24108-64

KELLY LAW OFFICES LLC
5521 West Lincoln Highway
Suite 101
Crown Point, Indiana 46307
Telephone: (219) 791-0606
Email:   bbn@kelly-lawyers.com

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2020, I electronically filed the
foregoing document using the Indiana E-Filing System
(IEFS) and that the foregoing pleading or paper was made
upon each party or attorney of record via the Indiana
E-Filing System.

Kelly Law Offices LLC

By: /s/ Beth Brown Nowak
        5521 West Lincoln Highway, Suite 101
        Crown Point, Indiana 46307
        Telephone:   (219) 791-0606

5

# EXHIBIT B



## CSC

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21328694**
**Date Processed: 03/25/2020**

| | |
|---|---|
| **Primary Contact:** | Susan Hirsch<br>Benjamin, Gussin & Associates, A Professional Corporation (BGA)<br>801 Skokie Blvd<br>Ste 100<br>Northbrook, IL 60062 |

| | |
|---|---|
| **Entity:** | Suburban Elevator Co.<br>Entity ID Number  3851502 |
| **Entity Served:** | Suburban Elevator Co. |
| **Title of Action:** | Shana Koney vs. Suburban Elevator Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Lake County Circuit Court, IN |
| **Case/Reference No:** | 45C01-1908-CT-000836 |
| **Jurisdiction Served:** | Indiana |
| **Date Served on CSC:** | 03/23/2020 |
| **Answer or Appearance Due:** | 23 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Beth Brown Nowak<br>219-791-0606 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

45C01-1908-CT-000836

Filed: 8/13/2019 11:16 AM
Clerk
USDC IN/ND case 2:20-cv-00164-JRK document 1 filed 04/20/20 page 17 of 62 Lake County, Indiana

STATE OF INDIANA      )
                         ) SS:          IN THE LAKE CIRCUIT/SUPERIOR COURT
COUNTY OF LAKE      )

| | |
|---|---|
| SHANA KONEY and RONALD KONEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )      Cause Number: |
| | ) |
| OTIS ELEVATOR COMPANY, | ) |
| | ) |
| Defendant. | ) |

### E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**    Initiating   _√_     Responding   _____    Intervening   _____

1.     The undersigned attorney and all attorneys listed in this form now appear in this case for the following party members:   **Shana Koney and Ronald Koney**

       Address of party *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

       _____

       Telephone # of party _____
*(List on a continuation page additional parties this attorney represents in this case.)*

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | | |
|---|---|---|---|
| Name: | Beth Brown Nowak | Atty Number: | 24108-64 |
| Address: | 5521 West Lincoln Highway, Suite 101 | Phone: | (219) 791-0606 |
| | Crown Point, IN    46307 | FAX: | (219) 791-0707 |
| | | Email: | bbn@kelly-lawyers.com |

      (Supply information for additional attorneys on continuation page.)

**IMPORTANT**:   Each attorney specified on this appearance:

(a)      certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)      acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)      understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.      This is a ___CT___ case type as defined in administrative Rule 8(B)(3).

4.      This case involves child support issues. Yes ____ No _√_ (*If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.*)

5.      This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.   Yes ____ No ___√___ (*If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner, on continuation page.*)

6.      This case involves a petition for involuntary commitment.   Yes ____ No ___√___ (*If yes, list on continuation page.*)

7.      There are related cases: Yes ____ No ___√___ (*If yes, list on continuation page.*)

8.      Additional information required by local rule:

_____

9.      There are other party members: Yes _____ No ___√___ (*If yes, list on continuation page.*)

10.     This form has been served on all other parties and Certificate of Service is attached:

Yes ____ No __√__

*/s/ Beth Brown Nowak*_____
**Beth Brown Nowak**
Attorney information shown above

STATE OF INDIANA

COUNTY OF LAKE

IN THE LAKE CIRCUIT/SUPERIOR COURT

Cause No.: _____

SHANA KONEY and RONALD KONEY
                    Plaintiff(s)

            -v-

# SUMMONS

OTIS ELEVATOR COMPANY
                    Defendant(s)

THE STATE OF INDIANA TO THE DEFENDANT

Otis Elevator Company
c/o Registered Agent CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiffs had made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiffs within the times prescribed herein, judgment will be entered against you for what the Plaintiffs have demanded.

If you have a claim against the Plaintiffs arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:  **CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
8/13/2019

Beth Brown Nowak
Attorney for Plaintiffs
Kelly Law Offices LLC
5521 West Lincoln Highway, Suite 101
Crown Point, IN 46307
Telephone: (219) 791-0606
Email: bbn@kelly-lawyers.com

*Lorenzo Arredondo*
Date:_____
HONORABLE LORENZO ARREDONDO
CLERK OF THE LAKE CIRCUIT AND SUPERIOR COURTS

BY: ___SR_____
Deputy Clerk

LAKE COUNTY COURTS
SEAL
INDIANA

**PREPARATION DATA:**
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service. If service is by certified mail a properly addressed envelope shall be provided for each Defendant. Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court.

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____ , 20_____ , I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, Otis Elevator Company, by CERTIFIED MAIL, RETURN RECEIPT REQUESTED , requesting a return receipt, at the address furnished by the Plaintiff.

HONORABLE LORENZO ARREDONDO
CLERK OF THE LAKE CIRCUIT/SUPERIOR COURTS

Dated:_____ , 20_____ .          By:_____
                                                                                Deputy Clerk

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant, Otis Elevator Company, as accepted by the Defendant on the _____ day of _____ , 20_____ .

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT was returned not accepted on the _____ day of _____ , 20_____ .

HONORABLE LORENZO ARREDONDO
CLERK OF THE LAKE CIRCUIT/SUPERIOR COURTS

Dated:_____ , 20____ .          By:_____
                                                                            Deputy Clerk

**RETURN OF SERVICE OF SUMMONS BY SHERIFF**

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____ , 20_____ , a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2. By leaving on _____ , 20_____ , for each of the within named person(s) _____ _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ _____ in _____ , Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3. This SUMMONS came to hand this date, _____ , 20_____ . The within named _____ was not found in my bailiwick this date, _____ , 20_____ .

ALL DONE IN LAKE COUNTY, INDIANA.
OSCAR MARTINEZ, JR
SHERIFF OF LAKE COUNTY, INDIANA

By: _____

**SERVICE ACKNOWLEDGED**

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same dated attached thereto were received by me at _____ in _____ , Indiana, on this date, _____ , 20_____ .

_____
Signature of Defendant

Filed: 8/14/2019 8:57 AM
Clerk
Lake County, Indiana

STATE OF INDIANA      )
                       ) SS:        IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE      )           CROWN POINT, INDIANA

SHANA KONEY and          )
RONALD KONEY,            )
                               )
     Plaintiffs,          )
                               )  Cause Number:  45C01-1908-CT-000836
     vs.                 )
                               )
OTIS ELEVATOR COMPANY,    )
                               )
     Defendant.        )

## CERTIFICATE OF ISSUANCE OF SUMMONS

       I hereby affirm that pursuant to Indiana Rules of Trial Procedure, I have attempted service on the following person at the following address as indicated:

**Otis Elevator Company, C/O Registered Agent CT Corporation System
150 West Market Street, Suite 800, Indianapolis, IN 46204**

Service was attempted by [check one]:

     __√__    **Certified Mail, Return Receipt Requested -**  (return card addressed to Kelly Law
                                                       Offices LLC.)

           Tracking Number:  __7019 0700 0000 0721 7395__

           Date Mailed:  __August 13, 2019__

           Place of Mailing:  __1200 South Eagle Ridge Drive, Schererville, IN 46375__

     _____    **Plaintiff requested service by Sheriff** of _____ County, Indiana.
                     Service documents were delivered to said Sheriff on _____, with all
                     service fees paid.

     _____    **Other**

Date:  August 14, 2019

                                     /s/ ***Beth Brown Nowak***_____
                                     Beth Brown Nowak, Attorney for
                                     Plaintiff, Attorney No.:  24108-64

KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite 101
Crown Point, Indiana 46307
Telephone: (219) 791-0606
Email: bbn@kelly-lawyers.com

JRB                                                                                      #31826-44

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/ SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45C01-1908-CT-000836 |

SHANA KONEY and RONALD KONEY,  )
                                )
                     Plaintiffs, )
v.                              )
                                )
OTIS ELEVATOR COMPANY,          )
                                )
                                )
                     Defendant.  )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**        Initiating _____ Responding __**X**__ Intervening _____

1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

### OTIS ELEVATOR COMPANY

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Name:

    **JENNIFER R. BEEGLE**                    Atty Number: **31826-44**
    **MOLZAHN, REED & ROUSE, LLC**
Address:    **20 N. CLARK STREET, SUITE 2300**     Phone:  **312.917.1880**
    **CHICAGO, ILLINOIS 60602**               Fax:    **312.917.1851**
Computer Address:    **JRB@M2RLAW.COM**

3.      There are other party members: Yes ___ No **X** (If yes, list on continuation page.)

4.      *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):

5.      I will accept service by FAX at the noted number: Yes **X** No

6.      This case involves support issues. Yes ___ No **X** *(If yes, supply social security numbers for all family members on continuation page.)*

7.      There are related cases: Yes ___ No **X** *(If yes, list on continuation page.)*

8.      This form has been served on all parties.  Certificate of Service is attached: Yes **X** No ___

9.      Additional information required by local rule:

                                                */s/ Jennifer R. Beegle*
                                                Attorney at Law

## <u>CERTIFICATE OF SERVICE</u>

To:     Beth Brown Nowak (#24108-64)
        Kelly Law Offices LLC
        5521 West Lincoln Highway, Suite 101
        Crown Point, IN 46307

        Jennifer R. Beegle (#31826-44)
        MOLZAHN, REED, ROUSE, LLC
        20 N. Clark Street, Suite 2300
        Chicago, IL 60602

    The undersigned hereby certifies that she served the foregoing **Appearance** by mailing a copy to the attorneys of record in this matter and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the **20th** day of **September, 2019**.

*/s/ Jennifer R. Beegle (#31826-44)*

JRB                                                                    #31826-44

STATE OF INDIANA          )          IN THE LAKE CIRCUIT/ SUPERIOR COURT
                          )   SS:
COUNTY OF LAKE            )          CAUSE NO. 45C01-1908-CT-000836

SHANA KONEY and RONALD KONEY,  )
                                )
                  Plaintiffs,   )
                                )
v.                              )
                                )
OTIS ELEVATOR COMPANY,          )
                                )
                                )
                  Defendant.    )

### MOTION FOR ENLARGEMENT OF TIME

NOW COMES Defendant, OTIS ELEVATOR COMPANY, by its attorneys, MOLZAHN, REED & ROUSE, LLC, and moves this Honorable Court for additional time within which to answer or otherwise plead to Plaintiff's Complaint for Damages.

1.      On or about August 13, 2019, Plaintiffs filed the instant action in the Marion Superior Court.

2.      On or about August 15, 2019, Plaintiffs served their Complaint via certified mail to be answered within twenty (20) days of receipt thereof. Therefore, OTIS ELEVATOR COMPANY'S responsive pleading to Plaintiff's Complaint would be due on or before September 4, 2019.

3.      OTIS ELEVATOR COMPANY has not yet completed its investigation in to the subject incident and needs additional time prior to responding to the Complaint.

4.      OTIS ELEVATOR COMPANY therefore requests additional time within which to prepare its responsive pleading.

5.     This Motion is not being made for the purpose of undue delay and the parties will not be prejudiced if this Motion is granted.

WHEREFORE, Defendant, OTIS ELEVATOR COMPANY, requests it be granted additional time to and including October 11, 2019 to answer or otherwise plead to Plaintiff's Complaint or for such further relief as is deemed just and appropriate.

Respectfully submitted,

**OTIS ELEVATOR COMPANY**

By: *Jennifer R. Beegle (#31826-44)*
One of Its Attorneys

Jennifer R. Beegle (#31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, Illinois 60602
(T): (312) 917-1880
(F): (312) 917-1851
jrb@m2rlaw.com

## **CERTIFICATE OF SERVICE**

To:   Beth Brown Nowak (#24108-64)
      Kelly Law Offices LLC
      5521 West Lincoln Highway, Suite 101
      Crown Point, IN 46307

      Jennifer R. Beegle (#31826-44)
      MOLZAHN, REED, ROUSE, LLC
      20 N. Clark Street, Suite 2300
      Chicago, IL 60602

      The Undersigned hereby certifies that she served the foregoing **Motion for Enlargement of Time** by mailing a copy to the attorney of record in this matter and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the **20th** day of **September, 2019**.


                                        _Jennifer R. Beegle (#31826-44)_

3

~~JRB~~                                                                ~~#31826-44~~

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/ ~~SUPERIOR~~ COURT |
| | ) | SS: | |
| COUNTY OF LAKE | ) | | CAUSE NO. 45C01-1908-CT-000836 |

SHANA KONEY and RONALD KONEY,  )

                                          )

                        Plaintiffs,   )

v.                                        )

                               )

OTIS ELEVATOR COMPANY,          )

                                          )

                                          )

                        Defendant.   )

**Filed in Open Court**

September 21, 2019

LAKE CIRCUIT COURT

MM

## **ORDER**

THIS CAUSE coming to be heard upon Motion for Enlargement of Time for Defendant,

OTIS ELEVATOR COMPANY to answer or otherwise plead, due notice having been given and

the Court being duly advised in the premises:

IT IS HEREBY ORDERED:

1.    OTIS ELEVATOR COMPANY is given until October 11, 2019 to answer or

otherwise plead.

ENTERED:

_____

Judge, ~~Lake County/Superior~~ Court  MM

**LAKE CIRCUIT**

Distribution to:


Beth Brown Nowak (#24108-64)
Kelly Law Offices LLC
5521 West Lincoln Highway, Suite 101
Crown Point, IN 46307

Jennifer R. Beegle (#31826-44)
MOLZAHN, REED, ROUSE, LLC
20 N. Clark Street, Suite 2300
Chicago, IL 60602

**Filed in Open Court**

STATE OF INDIANA )OCT 10 2019   IN THE LAKE CIRCUIT COURT

     )SS

COUNTY OF LAKE  *Lorenzo Arredondo* CROWN POINT, INDIANA
       CLERK LAKE CIRCUIT COURT

SHANA KONEY and RONALD KONEY
    Plaintiff(s)

vs.          CAUSE NO. 45C01-1908-CT-00836

OTIS ELEVATOR COMPANY
    Defendant.

## **Order Setting Initial Status Conference**

This matter is scheduled for Initial Status Conference on the 12th day of February, 2019 at 11:30 AM/PM.

Per Lake County Local Rule 9, "(e)ach party shall be represented at this conference by an attorney familiar with the case, who shall be prepared to discuss and enter into stipulations concerning:

    (1) the exchange of lists of witnesses known to have knowledge of the facts supporting the pleadings. The parties thereafter shall be under a continuing obligation to advise opposing parties of other witnesses as they become known;

    (2) the exchange of all documents, and any other evidence reasonably available, contemplated for use in support of the pleadings;

    (3) a discovery schedule;

    (4) the necessity for additional conferences in complex litigation; and

    (5) the necessity for amendments to the pleadings and the filing or hearing of dispositive motions."

Counsel shall also be prepared to discuss:

    (A) whether there are any anticipated issues regarding claims of privilege or protection;

    (B) whether there is a question of jurisdiction over any person or subject matter;

    (C) whether all parties have been correctly designated and properly served;

    (D) whether a third-party complaint or impleading petition is contemplated;

(E) whether actual custodians of possibly relevant electronically stored information (ESI) have been identified;

(F) whether a separation of claims, defenses, or issues is desirable and, if so, whether discovery should be limited to claims to be tried first; and

(G) whether there is a probability of disposing of the case through settlement, dismissal, mediation, or other method.

(H) stipulations regarding the name of an agreed mediator.

The attorneys appearing are instructed to bring their calendars.

CLERK:  TR 72 NOTICE

SO ORDERED this 10th day of October , 2019

_____

Hon. Marissa McDermott
Lake Circuit Judge

**Distribution:**
Atty B. Nowak
Atty J. Beegle

JRB                                                                                    #31826-44

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/ SUPERIOR COURT |
| | )   SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45C01-1908-CT-000836 |

SHANA KONEY and RONALD KONEY,  )
                                                         )
                              Plaintiffs,        )
                                                         )
v.                                                     )
                                                         )
OTIS ELEVATOR COMPANY,              )
                                                         )
                                                         )
                              Defendant.       )

## <u>SECOND MOTION FOR ENLARGEMENT OF TIME</u>

NOW COMES Defendant, OTIS ELEVATOR COMPANY, by its attorneys, MOLZAHN,
REED & ROUSE, LLC, and moves this Honorable Court for additional time within which to
answer or otherwise plead to Plaintiff's Complaint for Damages.

1.      On or about August 13, 2019, Plaintiffs filed the instant action in the Marion
Superior Court.

2.      On or about August 15, 2019, Plaintiffs served their Complaint via certified mail to
be answered within twenty (20) days of receipt thereof. Therefore, OTIS ELEVATOR
COMPANY'S responsive pleading to Plaintiff's Complaint would be due on or before September
4, 2019.

3.      OTIS ELEVATOR COMPANY filed its initial Motion for Enlargement of Time
and was granted.

4.      Since that time, the parties have been engaging in settlement negotiations to
hopefully resolve the case prior to the time that responsive pleading are due. The parties continue
to negotiate.

5.      OTIS ELEVATOR COMPANY therefore requests additional time within which to prepare its responsive pleading.

6.      This Motion is not being made for the purpose of undue delay and the parties will not be prejudiced if this Motion is granted.

7.      This Motion is agreed.

WHEREFORE, Defendant, OTIS ELEVATOR COMPANY, requests it be granted additional time to and including December 20, 2019 to answer or otherwise plead to Plaintiff's Complaint or for such further relief as is deemed just and appropriate.

Respectfully submitted,

**OTIS ELEVATOR COMPANY**

By: _Jennifer R. Beegle (#31826-44)_
One of Its Attorneys

Jennifer R. Beegle (#31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, Illinois 60602
(T): (312) 917-1880
(F): (312) 917-1851

## <u>CERTIFICATE OF SERVICE</u>

To:

Beth Brown Nowak (#24108-64)
Kelly Law Offices LLC
5521 West Lincoln Highway, Suite 101
Crown Point, IN 46307


Jennifer R. Beegle (#31826-44)
MOLZAHN, REED, ROUSE, LLC
20 N. Clark Street, Suite 2300
Chicago, IL 60602


The Undersigned hereby certifies that she served the foregoing **Second Motion for Enlargement of Time** by mailing a copy to the attorney of record in this matter and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the 18th day of October, 2019.


By: */s/  Jennifer  R.  Beegle  (#31826-44)*
_____

~~JRB~~                                                                    ~~#31826-44~~

STATE OF INDIANA          )          IN THE LAKE CIRCUIT/~~SUPERIOR~~ COURT
                          )   SS:
COUNTY OF LAKE            )          CAUSE NO. 45C01-1908-CT-000836

SHANA KONEY and RONALD KONEY,  )
                               )
                   Plaintiffs, )
                               )          **Filed in Open Court**
v.                             )
                               )          October 21, 2019
OTIS ELEVATOR COMPANY,         )
                               )          LAKE CIRCUIT COURT
                               )                  MM
                               )
                   Defendant.  )

## ORDER

THIS CAUSE coming to be heard upon Second Motion for Enlargement of Time for

Defendant, OTIS ELEVATOR COMPANY to answer or otherwise plead, due notice having been

given and the Court being duly advised in the premises:

IT IS HEREBY ORDERED:

1.     OTIS ELEVATOR COMPANY is given until December 20, 2019 to answer or

otherwise plead.

ENTERED: _____
                                                             MM

_____
Judge, ~~Lake County/Superior~~ Court
**LAKE CIRCUIT**

Distribution to:


**<u>Attorney for Plaintiffs</u>**
Beth Brown Nowak (Atty #24108-64)
KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite0101
Crown Point, IN  46307
P: (219) 791-0606
F: (219) 322-6675


**<u>Attorney for Defendant</u>**
Jennifer R. Beegle  (Atty # 31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, IL  60602-5002
P: (312) 917-1880
F: (312) 917-1851
jrb@2rlaw.com

JRB                                                                 #31826-44

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/ SUPERIOR COURT |
| | )   SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45C01-1908-CT-000836 |

SHANA KONEY and RONALD KONEY,  )
                                )

                 Plaintiffs,    )

v.                            )

OTIS ELEVATOR COMPANY,      )

                                )

               Defendant.   )

### AGREED THIRD MOTION FOR ENLARGEMENT OF TIME

     NOW COMES Defendant, OTIS ELEVATOR COMPANY, by its attorneys, MOLZAHN, REED & ROUSE, LLC, and moves this Honorable Court for additional time within which to answer or otherwise plead to Plaintiff's Complaint for Damages.

     1.     On or about August 13, 2019, Plaintiffs filed the instant action in the Marion Superior Court.

     2.     On or about August 15, 2019, Plaintiffs served their Complaint via certified mail to be answered within twenty (20) days of receipt thereof. Therefore, OTIS ELEVATOR COMPANY'S responsive pleading to Plaintiff's Complaint would be due on or before September 4, 2019.

     3.     OTIS ELEVATOR COMPANY filed two prior Motions for Enlargement of Time which were granted.

     4.     Since that time, the parties have been engaging in settlement negotiations to hopefully resolve the case prior to the time that responsive pleading are due. The parties continue to negotiate.

5.      Recently, it was learned that Plaintiff's workers compensation matter will not be concluded until February at the earliest.

6.      The parties have agreed to postpone the deadline upon which the initial responsive pleading is due

7.      OTIS ELEVATOR COMPANY therefore requests it be granted until March 1, 2020 to file its responsive pleading.

8.      This Motion is not being made for the purpose of undue delay and the parties will not be prejudiced if this Motion is granted.

9.      This Motion is agreed.

WHEREFORE, Defendant, OTIS ELEVATOR COMPANY, requests it be granted additional time to and including March 1, 2020 to answer or otherwise plead to Plaintiff's Complaint or for such further relief as is deemed just and appropriate.

Respectfully submitted,

**OTIS ELEVATOR COMPANY**

By: *Jennifer R. Beegle (#31826-44)*
          One of Its Attorneys

Jennifer R. Beegle (#31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, Illinois 60602
(T): (312) 917-1880
(F): (312) 917-1851

## <u>CERTIFICATE OF SERVICE</u>

To:     **<u>Attorney for Plaintiffs</u>**
        Beth Brown Nowak (Atty #24108-64)
        Kᴇʟʟʏ Lᴀᴡ Oғғɪᴄᴇs LLC
        5521 West Lincoln Highway, Suite0101
        Crown Point, IN  46307
        P: (219) 791-0606
        F: (219) 322-6675
        bbn@kelly-lawyer.com


        **<u>Attorney for Defendant</u>**
        Jennifer R. Beegle  (Atty # 31826-44)
        Mᴏʟᴢᴀʜɴ, Rᴇᴇᴅ & Rᴏᴜsᴇ, LLC
        20 North Clark Street, Suite 2300
        Chicago, IL  60602-5002
        P: (312) 917-1880
        F: (312) 917-1851
        jrb@2rlaw.com


        The Undersigned hereby certifies that she served the foregoing **Third Motion for Enlargement of Time** by mailing a copy to the attorney of record in this matter and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the 4ᵗʰ day of November, 2019.


                              By: <u>*/s/ Jennifer R. Beegle (#31826-44)*</u>

~~JRB~~                                                                    ~~#31826-44~~

| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/~~SUPERIOR~~ COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF LAKE | ) | | CAUSE NO. 45C01-1908-CT-000836 |

SHANA KONEY and RONALD KONEY,  )
                               )
                    Plaintiffs, )
v.                             )
                               )
OTIS ELEVATOR COMPANY,         )
                               )     **Filed in Open Court**
                               )     November 5, 2019
                    Defendant. )     LAKE CIRCUIT COURT
                               )                    MM

## ORDER

THIS CAUSE coming to be heard upon the Agreed Third Motion for Enlargement of Time

for Defendant, OTIS ELEVATOR COMPANY to answer or otherwise plead, due notice having

been given and the Court being duly advised in the premises:  **The motion is GRANTED.**

IT IS HEREBY ORDERED:

1.     OTIS ELEVATOR COMPANY is given until March 1, 2020 to answer or

otherwise plead.

**The Feb 12, 2020 status conf is VACATED and will be re-set by separate order.**

ENTERED:
                                         _____ MM

                                         Judge, ~~Lake County/Superior~~ Court

                                               **LAKE CIRCUIT**

Distribution to:


**Attorney for Plaintiffs**
Beth Brown Nowak (Atty #24108-64)
KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite0101
Crown Point, IN  46307
P: (219) 791-0606
F: (219) 322-6675


**Attorney for Defendant**
Jennifer R. Beegle  (Atty # 31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, IL  60602-5002
P: (312) 917-1880
F: (312) 917-1851
jrb@2rlaw.com

11/12/2019 2:38 PM Scanned

STATE OF INDIANA          )          IN THE LAKE CIRCUIT COURT
                          )SS:
COUNTY OF LAKE            )          CROWN POINT, INDIANA

SHANA KONEY and RONALD KONEY,
          Plaintiff/Petitioner,

                                     CAUSE NO. 45C01-1908-CT-00836

     vs.

OTIS ELEVATOR COMPANY,
          Defendant/Respondent.                    **Filed in Open Court**

                                                   NOV 1 2 2019

          **NOTICE OF HEARING**                    *Lorenzo Arredondo*
                                                   CLERK LAKE CIRCUIT COURT
     The Court, now sets this matter for status conference.

     The clerk is directed to serve this Notice of Hearing to all counsel and/or pro se

parties of record.

     This matter is set for **MARCH 24, 2020 at 10:30 AM**.


CLERK:   TR 72 NOTICE

SO ORDERED ___11/12___, 2019

                                        *Marissa A. McDermott*
                              LAKE CIRCUIT COURT JUDGE


**Distribution**:
B. Nowak
J. Beegle

STATE OF INDIANA      )
                        ) SS:                IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE      )                   CROWN POINT, INDIANA

SHANA KONEY and RONALD KONEY,    )
                                      )
     Plaintiffs,                    )
                                      )
     vs.                            )     Cause Number: 45C01-1908-CT-000836
                                      )
OTIS ELEVATOR COMPANY,          )
                                      )
     Defendant.                  )

## MOTION TO CONTINUE

Plaintiffs, **Shana Koney and Ronald Koney**, by counsel, for their Motion to Continue

the Status Conference set for February 12, 2020, at 11:30 a.m., state:

1.     Plaintiffs filed their Complaint on August 13, 2019 against Otis Elevator

Company.

2.     Since that time, the parties have been attempting to resolve the dispute.

3.     At the time of the incident which is the subject of Plaintiffs' claim, Plaintiff Shana

Koney was acting in the scope and course of her employment.   As a result, resolving her claim

is dependent on the resolution of her companion worker's compensation claim.

4.     The parties are in good faith actively attempting to resolve the claim, and this

motion is not made for the purposes of delay.

5.     No deadlines will be affected by continuing the Status Conference set for

February 12, 2020.

**WHEREFORE**, Plaintiffs request that the Status Conference currently set for February 12, 2020, be reset for a date after Defendant, Otis Elevator Company's answer is due on March 1, 2020, and for all other just and proper relief.

/s/ Beth Brown Nowak
**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.:   24108-64

KELLY LAW OFFICES LLC
5521 West Lincoln Highway
Suite 101
Crown Point, Indiana 46307
Telephone: (219) 791-0606
Email:   bbn@kelly-lawyers.com

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2019, I electronically filed the foregoing document   using the Indiana E-Filing System (IEFS) and that the foregoing pleading or paper was made upon each party or attorney of record via the Indiana E-Filing System.

Kelly Law Offices LLC

By: /s/ Beth Brown Nowak
      5521 West Lincoln Highway, Suite 101
      Crown Point, Indiana 46307
      Telephone:   (219) 791-0606

STATE OF INDIANA          )
                          ) SS:          IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE            )              CROWN POINT, INDIANA

SHANA KONEY and RONALD KONEY,    )
                                 )
        Plaintiffs,              )
                                 )
    vs.                          )        Cause Number: 45C01-1908-CT-000836
                                 )
OTIS ELEVATOR COMPANY,           )              **Filed in Open Court**
                                 )
        Defendant.               )              December 18, 2019
                                                LAKE CIRCUIT COURT
                                                         MM

## ORDER

Plaintiffs, Shana Koney and Ronald Koney, having filed their Motion to Continue the

Status Conference set for February 12, 2020, at 11:30 a.m., and the Court being duly advised,

now **CONTINUES** the Status Conference set for February 12, 2020, at 11:30 a.m., and

**RESETS** a Status Conference for ___**March 24, 2020**_____, 2020, at

__**10:30**_____ a.m./p.m.

        **SO ORDERED** this ___**December 18, 2019**___ day of _____, 2019.

                                         _____ MM

                                         _____
                                         **JUDGE,** Lake Circuit Court

**Distribution:**
Beth Brown Nowak
Jennifer R. Beegle

JRB                                                                           #31826-44

STATE OF INDIANA          )              IN THE LAKE CIRCUIT/ SUPERIOR COURT
                          )   SS:
COUNTY OF LAKE            )              CAUSE NO. 45C01-1908-CT-000836

SHANA KONEY and RONALD KONEY,  )
                               )
                    Plaintiffs, )
v.                              )
                                )
OTIS ELEVATOR COMPANY,          )
                                )
                                )
                    Defendant.  )

## MOTION TO ATTEND STATUS CONFERENCE TELEPHONICALLY

NOW COMES Defendant, OTIS ELEVATOR COMPANY, by its attorneys, MOLZAHN,

REED & ROUSE, LLC, and requests this Honorable Court for leave to attend the upcoming status

conference telephonically and in support thereof, states as follows:

1.      This case arises out of an elevator incident that occurred on August 2, 2018 at the

Lake County Juvenile Center.

2.      Plaintiff's counsel and Otis have been waiting for settlement on the corresponding

worker's compensation matter before attempting resolution of the instant matter.

3.      For this reason, Otis requested a third enlargement of time prior to filing its

responsive pleading.

4.      The case has a status conference on March 24, 2020 at 10:30 am.

5.      The parties plan to proceed with the litigation as the worker's compensation matter

has not been concluded.

6.      Counsel for Otis is unavailable to attend the March 24, 2020 status hearing in

person due to a previously planned vacation.

7.       Counsel for Otis requests leave to attend the status hearing telephonically or in the alternative, requests a short continuance of the status conference.

8.       Plaintiff's attorney has no objection to this motion.

WHEREFORE, Defendant, OTIS ELEVATOR COMPANY, respectfully requests leave to attend the March 24, 2020 status conference telephonically or in the alternative, requests a short continuance of the status conference or for such further relief as is deemed just and appropriate.

Respectfully submitted,

**OTIS ELEVATOR COMPANY**

By: _Jennifer R. Beegle (#31826-44)_
               One of Its Attorneys

Jennifer R. Beegle (#31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, Illinois 60602
(T): (312) 917-1880
(F): (312) 917-1851
jrb@m2rlaw.com

## CERTIFICATE OF SERVICE

To:    **Attorney for Plaintiffs**
Beth Brown Nowak (Atty #24108-64)
KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite0101
Crown Point, IN  46307
P: (219) 791-0606
F: (219) 322-6675
bbn@kelly-lawyer.com


**Attorney for Defendant**
Jennifer R. Beegle  (Atty # 31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, IL  60602-5002
P: (312) 917-1880
F: (312) 917-1851
jrb@2rlaw.com


       The Undersigned hereby certifies that she served the foregoing **Motion to Attend Status Conference Telephonically** via the Court's electronic filing system to the attorney of record in this matter and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the 18th day of February, 2020.


       By: */s/ Jennifer R. Beegle (#31826-44)*

~~JRB~~                                                                          ~~#31826-41~~

STATE OF INDIANA     )
                                        )    SS:
COUNTY OF LAKE     )

IN THE LAKE CIRCUIT/ ~~SUPERIOR~~ COURT

CAUSE NO. 45C01-1908-CT-000836

SHANA KONEY and RONALD KONEY, )
                                )
             Plaintiffs,    )
                                 )
v.                                       )
                                 )
OTIS ELEVATOR COMPANY,     )
                                 )
                                 )
             Defendant.    )

**Filed in Open Court**

February 26, 2020

LAKE CIRCUIT COURT
MM

### ORDER

     THIS CAUSE coming to be heard upon the Motion to Attend Status Conference Telephonically for Defendant, OTIS ELEVATOR COMPANY, due notice having been given and the Court being duly advised in the premises:

     IT IS HEREBY ORDERED:

     __✗__      OTIS ELEVATOR COMPANY's Motion is granted.

     _____      OTIS ELEVATOR COMPANY's Motion is denied.

     __✗__      The status hearing is ~~entered and~~ continued to    __JUNE__    __16__, 2020 at __11:30__ a.m./~~p.m.~~

ENTERED:

_Marissa McDermott_ MM
_____
Judge, Lake ~~County/Super~~ior Court

**LAKE CIRCUIT**

Distribution to:


**Attorney for Plaintiffs**
Beth Brown Nowak (Atty #24108-64)
KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite0101
Crown Point, IN  46307
P: (219) 791-0606
F: (219) 322-6675


**Attorney for Defendant**
Jennifer R. Beegle  (Atty # 31826-44)
MOLZAHN, REED & ROUSE, LLC
20 North Clark Street, Suite 2300
Chicago, IL  60602-5002
P: (312) 917-1880
F: (312) 917-1851
jrb@2rlaw.com

Filed: 3/19/2020 12:52 PM
Clerk
Lake County, Indiana

STATE OF INDIANA      )
                      ) SS:        IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE        )            CROWN POINT, INDIANA


SHANA KONEY and RONALD KONEY,     )
                                  )
       Plaintiffs,                )
                                  )
    vs.                           )   Cause Number: 45C01-1908-CT-000836
                                  )
SUBURBAN ELEVATOR CO.,            )
                                  )
       Defendant.                 )

## **FIRST AMENDED COMPLAINT**

### **Count I**

Plaintiffs, **Shana and Ronald Koney**, by counsel, for Count I of their Complaint against

the Defendant, Suburban Elevator Co., state:

1.      At all relevant times, Plaintiffs, Shana Koney and Ronald Koney were citizens

and residents of Valparaiso, Indiana.

2.      Suburban Elevator Co. is a foreign for-profit corporation doing business in

Indiana.

3.      On August 2, 2018, there existed a building located at 2600 W. 93rd Ave., Crown

Point, Indiana 46307, in which Lake County Community Corrections operated.

4.      On that date, Suburban Elevator Co. operated, managed, maintained, repaired and

controlled the automatic elevator located on the premises.

5.      On that date, Plaintiff Shana Koney was lawfully on the premises acting in the

course and scope of her employment with Lake County and Lake County Community

Corrections.

1

6.      On that date, while Plaintiff Shana Koney was a passenger, the automatic elevator malfunctioned and did not operate property, creating a dangerous condition.

7.      Defendant Suburban Elevator Co. knew or should have known of the condition of the elevator and knew or should have known it was a hazardous condition.

8.      Defendant Suburban Elevator Co. had direct or constructive notice of the dangerous and hazardous condition.

9.      Suburban Elevator Co., by and though its agents and/or employees, failed to act in a reasonable manner and were negligent and/or willful and wanton, causing severe and permanent injuries to Shana.

10.      As a direct and proximate result of Defendant's negligence and/or willful and wanton acts or omissions, Shana sustained severe and permanent injuries.

11.      As a proximate result of Defendant's negligence and/or willful and wanton acts or omissions, Shana suffered permanent and severe personal injuries, has incurred medical expenses and will continue to incur additional medical expenses for the foreseeable future, suffered and will continue to suffer physical pain, mental suffering, disability, disfigurement, terror, fright, humiliation, loss of enjoyment of life, has lost earnings from her employment and sustained an impairment of her ability to earn wages in the future, and has sustained other permanent injuries and damages of a personal and pecuniary nature.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory

2

and punitive damages, for the costs of this action, prejudgment interest, and for all other just and proper relief.

*/s/ Beth Brown Nowak*

**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.: 24108-64

**Count II**

Plaintiffs, **Shana and Ronald Koney**, by counsel, for Count II of their Complaint against the Defendant, Suburban Elevator Co., state the following:

12.     Plaintiffs incorporate by reference paragraphs 1-11 of Count I of their Complaint as and for paragraph 12 of Count II of their Complaint.

13.     At all relevant times, the elevator was under the exclusive care, control and/or management of Suburban Elevator Co.

14.     On August 2, 2018, while a passenger in the elevator, Shana Koney, was under the exclusive care, control and/or management of Suburban Elevator Co.

15.     In the normal course of events, an automatic elevator does not suddenly drop to the ground abruptly in a free-fall, all while under the care, control and/or management of Suburban Elevator Co.

16.     As a direct and proximate result of the foregoing acts and/or omissions, Shana sustained severe and permanent injuries.

17.     As a proximate result of the foregoing acts and/or omissions, Shana suffered permanent and severe personal injuries, has incurred medical expenses and will continue to incur additional medical expenses for the foreseeable future, suffered and will continue to suffer physical pain, mental suffering, disability, disfigurement, terror, fright, humiliation, loss of

3

enjoyment of life, has lost earnings from her employment and sustained an impairment of her ability to earn wages in the future, and has sustained other permanent injuries and damages of a personal and pecuniary nature.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory and punitive damages, for the costs of this action, prejudgment interest, and for all other just and proper relief.

*/s/ Beth Brown Nowak*
**Beth Brown Nowak,** Attorney for
Plaintiffs, Atty. No.: 24108-64

## Count III

Plaintiffs, **Shana and Ronald Koney**, by counsel, for Count III of their Complaint against the Defendant, Suburban Elevator Co., state the following:

18.     Plaintiffs incorporate by reference paragraphs 1-17 of Count II of their Complaint as and for paragraph 18 of Count III of their Complaint.

19.     At all relevant times, Shana Koney and Ronald Koney were lawfully wedded husband and wife.

20.     As a result of the negligence of the Defendant, Plaintiff Ronald Koney was denied the love, society and companionship of his wife, Shana, for an indefinite period of time.

**WHEREFORE,** Plaintiffs, **Shana Koney and Ronald Koney**, respectfully request judgment in their favor and against the Defendant, Suburban Elevator Co., for compensatory

4

and punitive damages, for the costs of this action, prejudgment interest, and for all other just and proper relief.

/s/ Beth Brown Nowak
**Beth Brown Nowak,** Attorney for Plaintiffs, Atty. No.: 24108-64

KELLY LAW OFFICES LLC
5521 West Lincoln Highway
Suite 101
Crown Point, Indiana 46307
Telephone: (219) 791-0606
Email:   bbn@kelly-lawyers.com

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2020, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS) and that the foregoing pleading or paper was made upon each party or attorney of record via the Indiana E-Filing System.

Kelly Law Offices LLC

By: /s/ Beth Brown Nowak
5521 West Lincoln Highway, Suite 101
Crown Point, Indiana 46307
Telephone:   (219) 791-0606

5

STATE OF INDIANA

COUNTY OF LAKE

| | |
|---|---|
| SHANA KONEY and RONALD KONEY | |
| Plaintiff(s) | |
| -v- | |
| SUBURBAN ELEVATOR CO. | |
| Defendant(s) | |

IN THE LAKE CIRCUIT COURT
CROWN POINT, INDIANA

Cause No.:      45C01-1908-CT-000836

# S U M M O N S

THE STATE OF INDIANA TO THE DEFENDANT

Suburban Elevator Co.
c/o Registered Agent,
Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS.  It also states the demand which the Plaintiff had made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you.  You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer.  Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:   **CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Beth Brown Nowak
Attorney for Plaintiff
Kelly Law Offices LLC
5521 West Lincoln Highway, Suite 101
Crown Point, IN   46307
Telephone: (219) 791-0606

3/20/2020

Date: _____

HONORABLE LORENZO ARREDONDO
CLERK OF THE LAKE CIRCUIT AND SUPERIOR COURTS
KP

BY: _____
              Deputy Clerk

LAKE COUNTY COURTS
SEAL
INDIANA

**PREPARATION DATA:**
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service.  If served by certified mail a properly addressed envelope shall be provided for each Defendant.  Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court.

| STATE OF INDIANA | ) | |
|---|---|---|
| | ) SS: | IN THE LAKE CIRCUIT COURT |
| COUNTY OF LAKE | ) | CROWN POINT, INDIANA |

SHANA KONEY and            )
RONALD KONEY,            )
            )
    Plaintiffs,           )
            )  Cause Number:  45C01-1908-CT-000836
    vs.            )
            )
SUBURBAN ELEVATOR CO.,    )
            )
    Defendant.          )

## **CERTIFICATE OF ISSUANCE OF SUMMONS**

       I hereby affirm that pursuant to Indiana Rules of Trial Procedure, I have attempted service on the following person at the following address as indicated:

**Suburban Elevator Co., C/O Registered Agent Corporation Service Company**
**135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204**

Service was attempted by [check one]:

   __√__   **Certified Mail, Return Receipt Requested -**  (return card addressed to Kelly Law
                                   Offices LLC.)

        Tracking Number:  <u>7019 2280 0002 1223 1259</u>

        Date Mailed:  <u>March 20, 2020</u>

        Place of Mailing:  <u>1200 South Eagle Ridge Drive, Schererville, IN 46375</u>

   _____   **Plaintiff requested service by Sheriff** of _____ County, Indiana.
             Service documents were delivered to said Sheriff on _____, with all
             service fees paid.

   _____   **Other**

Date:  March 20, 2020

                               /s/ ***Beth Brown Nowak***_____
                               Beth Brown Nowak, Attorney for
                               Plaintiff, Attorney No.:  24108-64

KELLY LAW OFFICES LLC
5521 West Lincoln Highway, Suite 101
Crown Point, Indiana 46307
Telephone: (219) 791-0606
Email: bbn@kelly-lawyers.com

# EXHIBIT D

STATE OF INDIANA      )
                             ) SS:      IN THE LAKE CIRCUIT COURT
COUNTY OF LAKE      )             CROWN POINT, INDIANA

SHANA KONEY and RONALD KONEY,  )
                                     )
            Plaintiffs,         )
                                     )
v.                                 )      Cause Number: 45C01-1908-CT-000836
                                   )
SUBURBAN ELEVATOR CO.,      )
                                   )
            Defendant.       )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Ms. Beth Brown Nowak, Kelly Law Offices, LLC, 5521 W. Lincoln Highway, #101, Crown Point, IN 46307, bbn@kelly-lawyers.com

      PLEASE TAKE NOTICE that on April 20, 2020, there was filed with the Clerk of the Lake Circuit Court, Crown Point, Indiana, defendant, Suburban Elevator Co.'s Notice of Filing Notice of Removal and Notice of Removal, a copy of which is herewith served upon you.

                                           s/Michael Meyer
                                           Michael Meyer, Esq.
                                           TRIBLER ORPETT & MEYER, P.C.
                                           225 W. Washington Street, Suite 2550
                                           Chicago, Illinois 60606
                                           (312) 201-6400
                                           (312) 201-6401 (fax)
                                           docket@tribler.com (email)

## PROOF OF SERVICE BY ELECTRONIC MAIL

      I, a non-attorney, certify that I served this Notice and the Notice of Removal by sending a copy by electronic mail to all attorneys of record on April 20, 2020.

[X]  Under penalties as provided by law pursuant to ILCS
      SEC 5/1-109 I certify that the statements set forth
      herein are true and correct.
                                            s/Helen White
                                              Signature

**SERVICE VIA E-MAIL WILL BE ACCEPTED AT DOCKET@TRIBLER.COM**

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

SHANA KONEY and RONALD CONEY,

        Plaintiffs,

   v.                      No.

SUBURBAN ELEVATOR CO.

        Defendant.

---

### AFFIDAVIT OF CHRIS ANDERSON

---

       Chris Anderson, being duly sworn on oath, states that the facts set forth herein are true of my own knowledge, or where indicated as true to the best of my knowledge, information and belief, and if called upon to testify in this matter, I could and would competently testify as follows:

     1.     I am Secretary and Shareholder of Suburban Elevator Co.

     2.     Suburban Elevator Co. is incorporated in the state of Illinois and maintains its headquarters and principal place of business in the state of Illinois.

       FURTHER AFFIANT SAYETH NAUGHT.

Chris Anderson
Suburban Elevator Co.



# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHANA KONEY and RONALD CONEY,

        Plaintiffs,

  v.                              No.

SUBURBAN ELEVATOR CO.

        Defendant.

---

## AFFIDAVIT OF MARK C. GALASSO

---

       Mark C. Galasso, being duly sworn on oath, states that the facts set forth herein are true of my own knowledge, or where indicated as true to the best of my knowledge, information and belief, and if called upon to testify in this matter, I could and would competently testify as follows:

      1.      I am an attorney for Suburban Elevator Co. in Illinois.

      2.      I personally spoke with Plaintiffs counsel and was advised by her that as a result of the alleged occurrence, Plaintiff Shana Koney is claiming severe injuries resulting in a claim of post-traumatic stress disorder and that Plaintiff Shana Koney claims that she has been off work as a result of her alleged injuries since the date of the alleged occurrence.

       Further Affiant Sayeth Naught.

_____
Mark C. Galasso
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 2550
Chicago, IL 60606
(312) 201-6400