UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHANA KONEY and RONALD KONEY,  )<br>　　　Plaintiffs,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)<br>SUBURBAN ELEVATOR CO.　　　　　　　)<br>　　　Defendant.　　　　　　　　　　　　　) | Case No. 2:20-CV-164-JPK |

## OPINION AND ORDER

This matter is before the Court on Defendant Suburban Elevator Co.'s Rule 12(b)(6) Motion to Dismiss Count III of Plaintiffs' Third Amended Complaint [DE 29]. The motion argues that Count III fails to allege the necessary elements of a claim for willful and wanton misconduct under Indiana law, particularly Defendant's knowledge of a dangerous condition likely to cause injury. As explained below, the Court concludes that the allegations in support of this claim are sufficient. Defendant's motion [DE 29] is therefore **DENIED**, and Defendant is **ORDERED** to file its answer to Count III of Plaintiffs' Third Amended Complaint within fourteen days.

## BACKGROUND

Plaintiffs Shana and Ronald Koney originally filed this action in Indiana State Court, after which Defendant Suburban Elevator Co. removed the case to this District asserting diversity jurisdiction. (ECF No. 1). Following motions to dismiss Plaintiffs' First and Second Amended Complaints (ECF Nos. 11, 21), Plaintiffs filed their current Third Amended Complaint (the "Complaint"), asserting five Counts: Negligence (Count I), Premises Liability (Count II), Willful and Wanton Misconduct (Count III), Res Ipsa Loquitur (Count IV), and Loss of Consortium (Count V). (ECF No. 26). Counts I-IV are asserted by Plaintiff Shana Koney alone, and Count V is asserted by her husband, Plaintiff Ronald Koney. (*Id*.).

In support of these claims, Plaintiffs allege that Shana Koney suffered "serious bodily injury" on August 2, 2018, while a passenger on an automatic elevator that allegedly "malfunctioned and did not operate properly." (ECF No. 26, ¶¶ 10, 42). According to the Complaint, the elevator in question was located in the building where Shana Koney worked for the Lake County Community Corrections, and "Defendant Suburban Elevator Co. operated, managed, maintained, repaired and controlled the automatic elevator located on the premises and owed a duty of care and safety to those using the elevator." (*Id*. at ¶¶ 6-8, 15). Plaintiffs further allege that Defendant breached this duty when it committed the following:

a. failed to maintain the elevator in reasonably safe condition;

b. failed to perform routine and systematic preventative maintenance checks and services;

c. failed to maintain operational performance of the equipment;

d. failed to perform preventative maintenance;

e. failed to adequately repair, or to cause another to repair, the elevator after other instances of malfunctioning; and

f. was otherwise negligent.

(*Id*. at ¶¶ 9, 44). Additionally, while the foregoing allegations are made in support of Counts I and V, Count III's claim for willful and wanton misconduct further alleges that "Defendant Suburban Elevator Co. had direct or constructive notice of the dangerous and hazardous condition, and ignored or otherwise disregarded the dangerous condition which resulted in Plaintiffs' injuries, all while knowing the impending danger that a malfunctioning elevator presents to users," and "acted with reckless indifference to the consequences of a malfunctioning elevator and complete and deliberate disregard for the safety of those using the elevator, knowing the resulting hazardous condition and the probable injury that would result." (*Id*. at ¶¶ 25-26).

Although Defendant's prior motions to dismiss also raised various pleading issues under Federal Rule of Civil Procedure 10 (ECF Nos. 11, 21), the instant motion challenges only the sufficiency of Plaintiffs' allegations of willful and wanton misconduct in Count III under Rule 12(b)(6). (ECF No. 29, at 1, 5). Defendant contends this Count is improperly "predicated upon conclusory allegations" that "fail to contain any factual content," without providing "context as to what purported conduct rose to the level of willful and wanton conduct." (*Id*. at 3-4).

Specifically, Defendant argues that a claim for willful and wanton misconduct under Indiana law requires the defendant's (1) "knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury," and (2) "indifference to the consequences of his own conduct." (*Id*. at 4 (quoting *Portside Energy Corp. v. N. Ind. Commuter Transp. Dist.*, 913 N.E.2d 221, 230-31 (Ind. Ct. App. 2009)). And thus, "[t]he defendant must know that injury is probable or likely, as opposed to possible." (*Id*. (quoting *Merrill v. Trump Ind., Inc.*, 320 F.2d 729, 733 (7th Cir. 2003))). According to Defendant, Count III fails to plead such requisite knowledge, and instead offers "nothing more than conclusory labels (i.e,, 'impending danger;' 'reckless indifference;' and 'probable injury') to support its purported cause of action of willful and wanton misconduct." (*Id*. at 4-5). As such, Defendant reasons, Plaintiffs' claim for willful and wanton misconduct fails under *Ashcroft v. Iqbal*, 556 U.S. 662 (2008), which requires more than "a formulaic recitation of the elements." (ECF No. 29, at 4 (quoting *Iqbal*, 556 U.S. at 678)). For the following reasons, the Court rejects these arguments.

## **ANALYSIS**

As both sides acknowledge, a motion to dismiss under Rule 12(b)(6) requires the Court to accept a complaint's factual allegations as true and determine whether they "state a claim to relief that is plausible on its face." (D's Mot. at 3, ECF No. 29 (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); P's Response at ¶ 8, ECF No. 31 (same)). Defendant argues that the claim of willful and wanton misconduct asserted here fails to meet this standard because it alleges "nothing more than a blanket assertion that Suburban Elevator 'acted with reckless indifference to the consequences of a malfunctioning elevator.'" (ECF No. 29, at 3). But a fair reading of Plaintiffs' Complaint reveals more than mere blanket assertions of Defendant's knowledge of such a dangerous condition. As noted above, the Complaint alleges: (1) that "Defendant Suburban Elevator Co. had direct or constructive notice of the dangerous and hazardous condition, and ignored or otherwise disregarded the dangerous condition which resulted in Plaintiff's injuries, all while knowing the impending danger that a malfunctioning elevator presents to users," and (2) that Defendant acted with "complete and deliberate disregard for the safety of those using the elevator, knowing the resulting hazardous condition and the probable injury that would result." (ECF No. 26, at ¶¶ 25- 26). Other paragraphs contain similar allegations. (*See id.* at ¶ 17 ("Defendant Suburban Elevator Co. knew or by the exercise of reasonable care should have known of the dangerous condition of the elevator and knew or should have known that the hazardous condition created an unreasonable risk of harm."); ¶ 18 ("Defendant Suburban Elevator Co. had direct or constructive notice of the dangerous and hazardous condition.")).

Despite these allegations, Defendant complains: "Nowhere within the allegations of Count III does Plaintiff allege that Suburban Elevator had knowledge of 'prior instances of malfunctioning' of the subject elevator." (ECF No. 32, at 5 (citing ECF No. 26, ¶¶ 23-29)). Defendant thus seizes upon Plaintiffs' allegation of "other instances of malfunctioning" of the elevator in Count I of the Complaint (ECF No. 26, ¶ 9(e)), without repeating those precise words in Count III. But the Court must consider the Complaint as a whole "to determine whether *any* set of facts alleged would entitle [Plaintiff] to relief." *See Shea v. Winnebago Cty Sherriff's Dept.*, 746

Fed. App'x 541, 545 (7th Cir. 2018) (emphasis in original)); *Boim v. Quarnic Literacy Inst. and Holy Land Foundation for Relief and Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) ("We examine the complaint as a whole, and we will allow the case to proceed unless it appears beyond doubt that the Boims can prove no set of facts in support of their claim which would entitle them to relief."). And in any event, Defendant's isolated view of Count III overlooks its explicit allegations that Defendant "*acted with reckless indifference to the consequences of a malfunctioning elevator* and complete and deliberate disregard for the safety of those using the elevator, *knowing the resulting hazardous condition and the probable injury that would result*." (ECF No. 26, ¶ 26 (emphasis added)). Regardless of its slightly different phrasing, this is precisely the allegation of "knowledge of an impending danger" from which "injury is probable or likely" that Defendant contends is lacking. (ECF No. 29, at 4).

Moreover, if there were any ambiguity in Plaintiffs' allegations (which there is not), their Response in opposition to the instant motion further contends that Defendant "failed to adequately repair, or to cause another to repair, the elevator after *other prior instances of malfunctioning*," that "*Defendant knew the elevator had been malfunctioning*," that "it arrived in this condition due to a lack of maintenance by Defendant," and that "Defendant failed to take any action to take the elevator out of service, make it safe for users, or perform necessary repairs, all while *knowing, and not caring, of the danger this posed to users of the elevator*." (ECF No. 31, ¶¶ 11-12 (emphasis added)). As the Seventh Circuit and district courts in this circuit have repeatedly recognized, the Court is required to consider not only the allegations in Plaintiffs' Complaint, but also the additional consistent allegations made in response to Defendant's motion to dismiss. *See*, *e.g.*, *United States ex rel. Hanna v. City of Chi.*, 834 F.3d 775, 779 (7th Cir. 2016) ("The party defending the adequacy of a complaint may point to facts in a brief or affidavit 'in order to show that there

is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.'" (quoting *Early Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992))); *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (a plaintiff "has much more flexibility in opposing a Rule 12(b)(6) motion" and "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings"); *Klein v. Cty of Lake*, No. 2:18 CV 349, 2019 WL 4597337, at *3 (N.D. Ind. Sept. 20 2019) (same, citing *Geinosky* and *Hanna*).

Thus, contrary to Defendant's arguments, Plaintiffs have alleged Defendant's knowledge of a dangerous condition likely to cause injury in both their Complaint and Response to the instant motion. Nor are these allegations merely "conclusory," as Defendant also contends. (D's Reply at 5, ECF No. 32). According to Defendant, Plaintiffs' Complaint and Response fail "to factually allege content that rises to knowledge of an impending danger; consciousness of misconduct calculated to result in probable injury; and/or exhibition of indifference to the consequences of its conduct." (D's Reply at 5, ECF No. 32 (citing *Miner v. Sw. Sch. Corp.*, 755 N.E.2d 1110, 1113 (Ind. Ct. App. 2001)). But in fact, Plaintiffs' Complaint supplies ample factual content to support its allegations of willful and wanton misconduct – it alleges: a "malfunctioning elevator"; Defendant's "complete and deliberate disregard for the safety of those using the elevator, knowing the resulting hazardous condition and the probable injury that would result"; and that Defendant thus "ignored or otherwise disregarded the dangerous condition which resulted in Plaintiff's injuries, all while knowing the impending danger that a malfunctioning elevator presents to users." (ECF No. 26, ¶¶ 25-26). And Plaintiffs' Response to the instant motion similarly alleges that "Defendant knew the elevator had been malfunctioning" and "failed to take any action to take the elevator out of service, make it safe for users, or perform necessary repairs, all while knowing, and not caring, of the danger this posed to users of the elevator." (ECF No. 31, ¶¶ 11-12).

6

While it remains to be seen whether Plaintiffs will muster evidence proving these allegations, that "is a matter for summary judgment or trial, not a test of the pleadings under Rule 12(b)(6)." *See Williams v. Dart*, 967 F.3d 625, 638-39 (7th Cir. 2020) ("Supporting 'each evidentiary element of a legal theory' is for summary judgment or trial, not a test of the pleadings under Rule 12(b)(6) or 12(c).") (citing *Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019) ("We emphasize that we are holding only that these allegations suffice to initiate Freeman's litigation. Later proceedings will determine whether he can prove them.")). Indeed, Defendant's authority for requiring additional factual content – *Miner v. Southwest School* – was decided on summary judgment, and therefore considered the evidence of willful and wanton misconduct needed to create a triable issue. (*See* D's Reply at 5, ECF No. 32 (citing *Miner*)). *See also Miner*, 755 N.E.2d at 1113-14. At this stage, however, the Court must accept Plaintiffs' allegations as true and view them in Plaintiffs' favor. *Williams*, 967 F.3d at 630. Having done so, the Court concludes that the allegations in both Plaintiffs' Complaint and Response to the instant motion supply the necessary elements of a claim of willful and wanton misconduct, including Defendant's knowledge of a dangerous condition from which injury was likely or probable.

## CONCLUSION

For the foregoing reasons, Defendant Suburban Elevator Co.'s Rule 12(b)(6) Motion to Dismiss Count III of Plaintiffs' Third Amended Complaint [DE 29] is **DENIED**, and Defendant is **ORDERED** to file its answer to Count III of Plaintiffs' Third Amended Complaint within fourteen days.

So ORDERED this 10th day of November, 2020.

                                                  s/ Joshua P. Kolar
                                                  MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                  UNITED STATES DISTRICT COURT